UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ROSAS,

    Plaintiff,

v.   Case No.:  2:25-cv-222-SPC-KCD

SHERIFF STEVEN WHIDDEN
and DEPUTY TYLER WILLIAMS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendant Tyler Williams' Motion to Dismiss (Doc. 23) and Plaintiff Michael Rosas' response (Doc. 28). For the below reasons, the Court grants the motion.

This is a civil rights case. The Court has few facts to recite.[1] Plaintiff alleges that Deputy Williams "was employed by the Hendry County Sheriff's Department" and "responded to a dispatch for a delayed battery complaint." (Doc. 15 ¶ 14). On the scene, he "arrested the Plaintiff" and "used excessive force with the intent to inflict unnecessary harm upon the Plaintiff." (*Id.* ¶ 15). This force "was clearly excessive in light of the circumstances existing while

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

the Plaintiff was restrained by handcuffs." (*Id.* ¶ 18). With these few allegations, Plaintiff brings a § 1983 excessive force claim against Deputy Williams. (*Id.* ¶¶ 16–21). Deputy Williams moves to dismiss, arguing Plaintiff fails to state a claim. (Doc. 23).

To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A formulaic recitation of the elements of a cause of action will not be enough. *Id.* "Factual allegations must be enough to raise a right above the speculative level[.]" *Id.* When considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). As for the first element, "[t]he Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from excessive force during the course of a criminal

apprehension." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). To state an excessive force claim, a plaintiff "must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019).

Deputy Williams argues Plaintiff "fails to offer any factual allegations to support his claim" and alleges "nothing more than blanket labels and conclusions" that "do not provide fair notice of the nature of the claim or the grounds on which the claim rests." (Doc. 23 at 4). The Court agrees. Plaintiff—who is represented by counsel—alleges almost no facts about the use of force used to effect his arrest. He alleges only that Deputy Williams responded to a delayed battery complaint and used some force against Plaintiff while he was handcuffed. The remaining allegations are only conclusory, formulaic recitations of the elements of an excessive force claim. Plaintiff's allegations fall well short of plausibly stating a claim.

Accordingly, it is

**ORDERED:**

(1) Defendant Tyler Williams' Motion to Dismiss (Doc. 23) is **GRANTED**.

(2) The amended complaint (Doc. 15) is **DISMISSED without prejudice.**

(3) **On or before July 28, 2025,** Plaintiff must file an amended complaint consistent with this Order. **Failure to comply may**

**result in dismissal of the claim against Deputy Williams without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 14, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record